**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DENNIS BOODROW,**

                         **Plaintiff,**                 **1:11-cv-129
                                                              (GLS/DRH)**

                v.

**ANDREA EVANS
and JAMES CAMPBELL,**

                         **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Dennis Boodrow
Pro Se
26 Seminole Avenue
Albany, NY 12203

**FOR THE DEFENDANTS:**
*Andrea Evans*
HON. ERIC T. SCHNEIDERMAN    JAMES SEAMAN
New York State Attorney General     Assistant Attorney General
Albany Office
The Capitol
Albany, NY 12224

*James Campbell*
Office of Robert P. Roche            ROBERT P. ROCHE, ESQ.
36 South Pearl Street
Albany, NY 12207

**Gary L. Sharpe
District Court Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Plaintiff *pro se* Dennis Boodrow commenced this action against defendants Andrea Evans, Commissioner of New York State Division of Parole, and James Campbell, Albany County Sheriff, asserting claims pursuant to 42 U.S.C. § 1983 for false imprisonment and emotional distress. (*See* Compl., Dkt. No. 1.)  Pending are Evans and Campbell's motion to dismiss.[1]  (Dkt. No. 14.)  For the reasons that follow, defendants' motion to dismiss is granted.

## II. Background[2]

On June 10, 2003, Boodrow was sentenced to a maximum term of eight years in state prison.  (*See* Compl. ¶ 6, Dkt. No. 1.)  Based on this sentence, his expiration date was calculated to be August 24, 2010.  (*Id.*)  Roughly one month before this date, Boodrow was released from the Adirondack Correctional Facility and ordered to report to the Division of Parole in Albany, New York.  (*Id.*)  Although he made his initial report, Boodrow's failure to report to a July 26, 2010 meeting resulted in a

---

[1] Campbell, by letter motion dated April 26, 2011, joined Evans' motion to dismiss. (*See* Dkt. No. 16.)

[2] The facts are drawn from Boodrow's Complaint and presented in a light most favorable to him. (*See* Compl., Dkt. No. 1.)

2

declaration of delinquency. (*Id.*) On August 20, 2010—25 days after he was declared a delinquent—Boodrow was arrested and remanded to the Albany County Jail. (*Id.*) Boodrow waived his preliminary hearing, and the Division of Parole scheduled a revocation hearing for September 13, 2010. (*Id.*) Though the final revocation hearing was never held, he was released on September 14, 2010. (*Id.*) In sum, Boodrow claims that despite his pleas to jail officials, and calls on his behalf to the Division of Parole, he was detained for 16 days beyond his maximum expiration date. (*Id.*)

### III. Standard of Review

The standard of review under Fed. R. Civ. P. 12 is well established and will not be repeated here.[3] For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

### IV. Discussion

Defendants argue that Boodrow's calculation of his expiration was incorrect, and thus, his claim must fail. (*See* Dkt. No. 14, Attach. 1 at 6.) The court agrees.

---

[3] Because Boodrow is proceeding *pro se*, the court will construe his Complaint liberally. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

Under the New York Penal Law, Boodrow's expiration date was tolled during the period he was a delinquent. N.Y. Penal Law § 70.40(3)(a) (McKinney 2011); *see also* N.Y. Comp. Codes R. & Regs. tit. 9, § 8004.3(b) ("The date of delinquency is the earliest date that a violation of parole is alleged to have occurred. The declaration of delinquency, when issued, interrupts the sentence as of the date of the delinquency.").

Here, Boodrow was declared a delinquent on July 26, 2010, and was not rearrested until August 20, 2010. (*See* Compl. ¶ 6, Dkt. No. 1.) This period of delinquency extended his original expiration date to September 23, 2010. As such, his release on September 14, 2010 was timely, and his claim of wrongful imprisonment fails.[4]

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 14) is **GRANTED** and all claims against Evans and Campbell are **DISMISSED**; and it is further

---

[4] The court notes that Boodrow has not offered any facts to support his claim for emotional distress. (*See* Compl. ¶ 7, Dkt. No. 1.) Although detailed factual allegations are not required, Boodrow must "provide the grounds of his entitlement to relief[,] . . . labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, his claim for emotional distress is dismissed.

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by mail and certified mail.

**IT IS SO ORDERED.**

October 7, 2011
Albany, New York

*[signature]*
Gary L. Sharpe
U.S. District Judge